UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HERMAN D. PHILPOT,

        Petitioner,               Case No. 03-CV-70764-DT

v.

CARMEN PALMER,

        Respondent.
_____/

**ORDER CONSTRUING PETITIONER'S "MOTION TO TOLL TIME LIMITS OF
28 U.S.C. § 2244(D)(1) AND GRANT LEAVE TO FILE PETITION" AS MOTION TO
REOPEN HABEAS CORPUS PROCEEDING AND DENYING MOTION**

      Petitioner Herman D. Philpot, a state inmate currently incarcerated at the Riverside Correctional Facility in Ionia, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 6, 2003, the Court issued an Order of Summary Dismissal Without Prejudice. Now before the Court are "Petitioner's Motion to Toll Time Limits of 28 U.S.C. § 2244(d)(1) and Grant Leave to File Petition for Writ of Habeas Corpus" and an accompanying petition. The Court construes Petitioner's motion as a motion to reopen the habeas corpus proceeding.

      On February 21, 2003, Petitioner filed a petition for a writ of habeas corpus in this court, challenging the constitutionality of his 1999 convictions for assault with intent to do great bodily harm less than murder and habitual offender, fourth. The Court held that the petition contained unexhausted claims which had not been fairly presented to the state courts as required by 28 U.S.C. § 2254. On March 6, 2003, the Court therefore dismissed the petition without prejudice. The Court further ordered that

Petitioner could move to reopen his federal habeas corpus petition under its original case number within sixty days of exhausting his state court remedies.

Petitioner has now returned to this court, seeking to reopen his habeas corpus proceeding. However, after this court dismissed his petition without prejudice, Petitioner did not return to state court to exhaust his state court remedies. Instead, he pursued no relief for approximately two years.

The decision whether to permit Petitioner to reopen his previously filed habeas corpus petition implicates the timeliness of his petition. If the court permits Petitioner to reopen his previously filed habeas corpus petition, Petitioner would receive the benefit of the filing date of his previously dismissed habeas corpus petition. His petition therefore would be timely. If, on the other hand, the court denies Petitioner's motion to reopen and requires him to file another habeas corpus petition, the petition will be untimely. Permitting Petitioner to reopen the habeas corpus proceeding would effectively toll the limitations period from the date that his petition was originally dismissed by this court until the date Petitioner filed his motion to reopen. *See Griffin v. Rogers*, 399 F.3d 626, 631 (6th Cir. 2005). Petitioner submits that the limitations period should be equitably tolled during this period because he suffered from "mental health issues which prevented him from being able to comprehend court deadlines and filing requirements." (Pet'r's Br. in Support of Motion to Toll at 2.) He further submits that it was only after he recently sought legal assistance that he understood the filing deadlines applicable to habeas corpus petitions.

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some

2

extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, __ S.Ct. __, 2005 WL 957194, at *6 (Apr. 27, 2005).  "The doctrine of equitable tolling is applied sparingly by federal courts," and is generally triggered "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control."  *Vroman v. Brigano,* 346 F.3d 598, 604 (6th Cir. 2003).

Mental illness tolls a statute of limitations only if it actually prevents the sufferer from pursuing his legal rights during the limitations period.  *Miller v. Runyon,* 77 F.3d 189, 191 (7th Cir. 1996)*; Price v. Lewis*, 119 Fed. Appx. 725, 726 (6th Cir. 2005).  "'The exceptional circumstances that would justify equitable tolling on the basis of mental incapacity are not present when the party who seeks the tolling has been able to pursue his or her legal claims during the period of his or her alleged mental incapacity.'" *Price*, 119 Fed. Appx. at 726 (*quoting Brown v. McKee*, 232 F. Supp. 2d 761, 768 (E.D. Mich. 2002)).

In this case, Petitioner submits two documents which purportedly support his claim that his mental incapacity prevented him from exhausting his state court remedies during the two-year interval at issue.  The first, is a scholastic report which apparently shows that Petitioner reads and writes at a first-grade level.  The report is dated September 10, 2002.  The second is an annual comprehensive individual treatment plan.  The plan indicates that Petitioner was diagnosed with schizoaffective disorder and antisocial personality disorder.  A treatment note dated July 2, 2002, sates that Petitioner "lacks the intellectual capacity for the Assaultive Offender Program and . . . requires a guardian to assist him in making decisions."  (Pet'r's Mot. Br. at Ex. C.)  An entry dated August 28, 2003, indicates that Petitioner has religiously focused delusional

3

ideation.

Petitioner's diagnoses of schizoaffective disorder and antisocial personality disorder as well as the evaluation that he reads and writes at a first-grade level predated the filing of Petitioner's original habeas petition.  Despite containing an unexhausted claim, that petition was clear and it succinctly set forth the bases for seeking habeas corpus relief.  Petitioner was able to pursue his legal claims during the time period of his alleged mental incapacity.  Petitioner fails to show any change in his mental status between the time he filed the original habeas petition and the time that the court dismissed the petition without prejudice which would have rendered him unable to pursue his legal claims or why he is now again capable to pursue his legal claims.  The Court is not persuaded that Petitioner's mental incapacity prevented him from pursuing his legal rights during the two-year interval at issue, and declines to equitably toll the limitations period.

Although the Court did not, in dismissing the first petition without prejudice, require Petitioner to return to state court within a certain time period, Petitioner still was required to exercise diligence in pursuing his rights.  If Petitioner had diligently pursued his rights, he could have filed a motion for collateral review in state court, moved to reopen his habeas corpus proceeding deleting the unexhausted claims, or filed a new habeas corpus petition omitting the unexhausted claims.  All of these actions could have been taken before the one-year limitations period expired.  If the Court permits Petitioner to wait two years to take any action and then reopen the prior habeas corpus

proceeding, the Court would, in effect, be permitting Petitioner to circumvent § 2244(d)(1)'s one-year limitations period.

For the forgoing reasons, IT IS ORDERED that Petitioner's Motion to Reopen Habeas Corpus Proceeding [Dkt. # 5] is DENIED.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: May 10, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 10, 2005, by electronic and/or ordinary mail.

    S/Lisa G. Teets
Case Manager and Deputy Clerk
(313) 234-5522